STATE OF NEBRASKA, APPELLEE, V. JOSEPH C. LAMERE, APPELLANT.

432 N.W.2d 822

Filed December 16, 1988.   No. 88-123.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Robert M. Spire, Attorney General, Dale A. Comer, and David Edward Cygan for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Defendant has appealed from his conviction of operating a motor vehicle while his driver's license was suspended. He waived trial by jury, and by agreement the case was submitted to the court on stipulated evidence from a pretrial suppression hearing. Assigned as error is the overruling of defendant's motion to suppress and exclude evidence. We affirm.

Upon appeal, this court will uphold the trial court's findings of fact on a motion to suppress unless those findings are clearly wrong. *State v. Beerbohm*, 229 Neb. 439, 427 N.W.2d 75 (1988).

On October 18, 1987, Officer Jacobson of the Omaha Police Department, while patrolling in the area of 31st and Farnam Streets in Omaha, observed the defendant driving a 1977 light blue Chevrolet station wagon. The officer's attention was first attracted to this vehicle because the five or six occupants "made a very noticeable glance" his way; they were all "looking directly at" him. At about the same time, the officer observed that the vehicle was traveling at a noticeably slower speed than the 30-miles-per-hour speed limit. The officer then proceeded to follow the defendant's vehicle for several blocks, during which time it was necessary for other traffic to pass them. During this time, the officer made the further observation that the license plates did not seem to match the vehicle, that is, the automobile was dirty, whereas the plates looked brand new, as if they had just come out of the package.

Becoming suspicious, Officer Jacobson ran a check on the

license plates through the police information channel. He was put on standby for a minute, as the radio operator was busy. In the meantime, as the station wagon approached the intersection of 31st and Leavenworth Streets, the traffic light changed to yellow. Instead of slowing down to stop, the defendant's vehicle speeded up, leaving the officer facing a red light. Officer Jacobson then activated his top red lights, went through the intersection, and stopped the defendant's vehicle. Just as the officer started to exit his own vehicle, the check came back on his license plate inquiry, and he discovered that the license plates belonged to a 1972 green Chevrolet Caprice, not the same vehicle as that which the defendant was driving. Officer Jacobson then left his cruiser, approached the defendant, and asked for his driver's license and vehicle registration. Upon obtaining defendant's name, the officer returned to his own vehicle, did a data check, and found that defendant's license had been suspended for his lifetime. The defendant was then arrested for, among other things, operating a vehicle while his license was suspended.

Defendant's motion for suppression of evidence gained as a result of this stop and arrest was heard on the basis of the above-stated testimony and was overruled.

This court has determined that a police officer may, in appropriate circumstances and in an appropriate manner, approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest. *State v. Beerbohm, supra.* However, an investigatory stop must be justified by objective manifestation, based upon the totality of the circumstances, that the person stopped has been, is, or is about to be engaged in criminal activity. *State v. Dail,* 228 Neb. 653, 424 N.W.2d 99 (1988); *State v. Ege,* 227 Neb. 824, 420 N.W.2d 305 (1988). See, also, *Terry v. Ohio,* 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

Without regard to the "glances" or the "mismatched" license plates, the fact of the matter is that the defendant violated the law in the presence of the officer. Neb. Rev. Stat. § 39-614(2)(a) (Reissue 1984) provides that vehicular traffic which faces a yellow signal upon approaching an intersection "shall stop

before entering the nearest crosswalk at the intersection, but if such stop cannot be made in safety a vehicle may be driven *cautiously* through the intersection . . . ." (Emphasis supplied.) Defendant obviously did not stop, and speeding up to cross an intersection on a yellow light is hardly driving in a cautious manner.

The district court was correct in overruling the motion to suppress, and its judgment of conviction is affirmed.

AFFIRMED.